UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

Salvatore J. DeFeo, Jr.

Debtor.
---------------------------------------------------------x

Case No.: 15-70575-ast
Chapter 13

**DECISION AND ORDER DENYING DEBTOR'S OBJECTION TO NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE'S CLAIM, AND DISMISSING THE CHAPTER 13 CASE**

Pending before the Court is the motion filed by the debtor, Salvatore J. DeFeo, Jr. ("Debtor"), seeking to partially disallow the proof of claim filed by the New York State Department of Taxation and Finance ("NYS") in the amount of $24,477,422.20 (the "Claim" and the "Claim Objection"). The sole issue is Debtor's contention that NYS is barred from collecting on the vast majority of the debt underlying the Claim based on the applicable statute of limitations.

Also, pending before the Court is the motion filed by NYS to dismiss Debtor's chapter 13 case (the "Motion to Dismiss"). NYS argues that Debtor is ineligible for relief under chapter 13 because the amount of the Claim far exceeds the applicable debt limits. Debtor agrees that if he does not prevail on the Claim Objection, he is not eligible to be a chapter 13 debtor.

For the reasons stated below, Debtor's Claim Objection is denied and, therefore, this case shall be dismissed.

**Finds of fact and conclusions of law**

The following constitutes this Court's findings of fact and conclusions of law made in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). FED. R. BANKR. P. 7052.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (B), and (O), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

## Background and Procedural History

On February 16, 2015, Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code (the "Petition Date").

On February 19, the Court's clerk's office mailed notice of the commencement of Debtor's case to all creditors and parties in interest, which gave notice of the July 6, 2015 deadline for creditors to file proofs of claims. [dkt item 9]

On February 25, NYS filed its Claim, in chart form,[1] asserting a liability for unpaid sales taxes for the years 1990, 1991, 1994, and 1996 in the total amount of $24,477,422.20; the Claim

[1] The Claim provides: This is a statement of tax liabilities for DEFEO-SALVATORE J. Penalty and interest for each liability is computed to 2/16/15

**Secured Liabilities**

| Tax Type | Period End | Notice Number | Tax | Penalty | Interest | Total | Type | Warrant Date | County |
|---|---|---|---|---|---|---|---|---|---|
| SALES | 05/31/90 | L-012812083-4 | 12,242.96 | 17,564.65 | 351,778.73 | 381,586.34 | RPA | 07/03/00 | NASS |
| SALES | 08/31/90 | L-012812086-1 | 4,950.00 | 5,839.52 | 116,037.42 | 126,826.94 | RPA | 07/03/00 | NASS |
| SALES | 11/30/90 | L-012204214-9 | 156,277.95 | 242,546.45 | 5,249,727.72 | 5,628,552.10 | RPA | 07/03/00 | NASS |
| SALES | 11/30/90 | L-012227598-9 | 8,695.07 | 19,203.87 | 221,028.54 | 248,925.28 | RPA | 07/03/00 | NASS |
| SALES | 11/30/90 | L-015150706-5 | 305,156.75 | 368,681.73 | 12,259,299.25 | 12,951,137.71 | RPA | 07/03/00 | NASS |
| SALES | 02/28/91 | L-012192177-6 | 62,595.10 | 82,148.17 | 1,692,112.43 | 1,856,655.70 | RPA | 07/03/00 | NASS |
| SALES | 11/30/91 | L-012000702-9 | 12,740.92 | 17,391.35 | 264,998.51 | 295,130.78 | RPA | 07/03/00 | NASS |
| SALES | 11/30/91 | L-012204213-1 | 54,487.05 | 98,855.81 | 1,751,737.17 | 1,885,080.05 | RPA | 07/03/00 | NASS |
| SALES | 11/30/91 | L-013130707-4 | 35,970.68 | 37,462.75 | 748,158.18 | 821,591.61 | RPA | 07/03/00 | NASS |
| SALES | 08/31/94 | L-012047791-9 | 0.00 | 13,298.56 | 231,575.93 | 244,874.49 | RPA | 07/03/00 | NASS |
| SALES | 08/31/94 | L-012227397-1 | 811.18 | 2,165.99 | 23,970.09 | 26,947.26 | RPA | 07/03/00 | NASS |
| SALES | 08/31/96 | L-013314951-4 | 0.00 | 1,738.23 | 48,208.45 | 49,946.68 | RPA | 07/03/00 | NASS |

states that the entire amount, including penalties and interest, is entitled to secured status. The Claim further indicates that on July 3, 2000, a warrant was issued for collection of each of the assessed taxes.

On March 17, Debtor filed a chapter 13 plan (the "Plan"). [dkt item 17] The Plan does not require Debtor to make any payment to NYS on its Claim.

On April 7, NYS filed an objection to confirmation of the Plan based upon Debtor's failure to treat the Claim under 11 U.S.C. § 1322. [dkt item 23] The same day, NYS also filed its Motion to Dismiss, asserting that Debtor is ineligible to be a chapter 13 debtor under 11 U.S.C. § 109(e), based upon the amount of the Claim. [dkt item 24]

On May 12, Debtor filed the Claim Objection. [dkt item 29] Debtor argues that Claim should be disallowed because NYS is barred from collecting the unpaid sales tax by operation of law under New York Tax Law §§ 174-b and 1141.[2]

On June 5, Debtor filed opposition to the Motion to Dismiss, but in which he concedes that if his Claim Objection is denied, he would be ineligible to be a chapter 13 debtor under 11 U.S.C. § 109(e). [dkt item 30]

On June 30, NYS filed opposition to Debtor's Claim Objection, arguing that the applicable limitations period has not run. [dkt item 33] That same day, NYS filed a reply with respect to its Motion to Dismiss. [dkt item 34]

On July 8, Debtor replied to NYS's opposition to the Claim Objection. [dkt item 36]

| SALES | 11/30/96 | L-015314950-5 | 0.00 | 105.46 | 63.82 | 169.28 | RPA | 07/03/00 | NASS |
|---|---|---|---|---|---|---|---|---|---|

[2] Debtor also argued that NYS is prohibited from collecting some of the taxes (L-012812086-1), because in a prior criminal case, Debtor and NYS entered into an agreement releasing Debtor from liability on those taxes in exchange for paying $50,000 in restitution to NYS. Debtor expressly abandoned this argument at the hearing on his Claim Objection and therefore, the Court will not address it. In addition, Debtor has previously filed for bankruptcy relief, and acknowledged that there may be tolling of limitations issues; however, tolling issues are not relevant to the resolution of these matters and therefore will not be addressed.

On July 16, the Court held hearings on the Claim Objection and the Motion to Dismiss at which the parties both appeared. At the hearing, the parties agreed: (i) that the sales tax liabilities at issue would expire twenty years from when a warrant could have been issued to collect them, but disagreed as to when those warrants could have been issued, and (ii) that the Court's ruling on the Claim Objection would control the disposition of the Motion to Dismiss. The Court determined that it would take both the Claim Objection and the Motion to Dismiss on submission, but before it would do so, directed NYS to provide the Court with copies of the demands and/or warrants issued by NYS in connection with the tax liabilities identified in the Claim.

On July 22, NYS filed certain Notices of Determination (the "Notices") and a Warrant related to the tax liabilities set forth in the Claim. [dkt item 38] The Warrant is dated July 3, 2000, and the Notices each demand payment of the respective tax liabilities on dates no earlier than May 16, 1996.

The material facts underlying this dispute are not controverted. Thus, this case presents purely issues of law, which are (i) whether NYS's Claim is barred under New York's statute of limitations for collecting the unpaid sales taxes; and (ii) whether Debtor is ineligible for chapter 13 relief.

## Discussion

***Debtor's Claim Objection***

"After the commencement of a bankruptcy case, a debtor's creditors are entitled to file a proof of claim documenting their right to receive payment from the debtor's estate." *In re Taranto*, 2012 Bankr. LEXIS 1320, at *17 (Bankr. E.D.N.Y. Mar. 27, 2012) (internal citations omitted); *see Travelers Cas. & Sur. Co of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450. 127

S. Ct. 1199, 167 L. Ed. 2d 178 (2007). Once a proof of claim has been filed under 11 U.S.C. § 501, it "is deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). A proof of claim that complies with the provisions of Bankruptcy Rule 3001(f) constitutes *prima facie* evidence of the validity of the claim. FED. R. BANKR. P. 3001(f). The objecting party, in this instance Debtor, bears the burden of setting forth sufficient evidence to rebut the presumption of validity; however, the ultimate burden of proof always lies with the claimant. *Taranto*, 2012 Bankr. LEXIS 1320, at *18.

Debtor, as the objector, must produce "evidence equal in force to the *prima facie* case which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* at *24 (quoting *In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, 2010 U.S. Dist. LEXIS 6500, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (internal citation and quotation marks omitted)).

Section 502(b) of the Bankruptcy Code provides nine grounds upon which a claim filed under § 501 may be disallowed. Debtor contends that the Claim should be disallowed pursuant to § 502(b)(1), under which this Court may disallow any claim that is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). A claim is unenforceable if the collection of the underlying debt is barred by the applicable statute of limitations. *In re Brill*, 318 B.R. 49, 53 (Bankr. S.D.N.Y. 2004); *see also Picket v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, 2013 U.S. Dist. LEXIS 2158, at *4 (S.D.N.Y. Jan. 7, 2013) (same).

The parties agree that their dispute concerning unpaid sales taxes turns on the language of several provisions of the New York Tax Law including section 174-b, which states:

> Notwithstanding any provision of law to the contrary and except as otherwise provided in this section, a tax liability shall not be enforceable and every tax liability shall be extinguished after twenty years from the first date a warrant could be filed by the commissioner, without regard to whether the warrant is filed. The first date a warrant could be filed means the day after the last day specified for payment by the notice and demand issued for the tax liability where there is no right to a hearing with respect to such notice and demand....

N.Y. Tax. Law § 174-b(1). The statute further provides that its provisions "shall supplement or be in addition to the procedures relating to collection or administration provided with respect to any tax covered by this section. Where a provision of this section is inconsistent with any such provision with respect to such tax, the provisions of this section shall apply." N.Y. Tax Law § 174-b(4). Section 174-b then goes on to state that, "if a tax liability could have been first warranted before the effective date of this section, such liability shall not be enforceable and shall be extinguished after twenty years from the first date the warrant could have been filed by the commissioner." N.Y. Tax Law § 174-b(5). The statute became effective on August 17, 2011 and by its very terms has retroactive effect[3]. *Id.*

Debtor appears to argue that, notwithstanding the language above, section 174-b does not have retroactive affect; in other words, Debtor agrees that the tax liabilities underlying the Claim would be governed by the "first date a warrant could be filed" requirement set forth within section 174-b, but contends that the filing date of the warrant should be measured by the statute in effect at the time Debtor's tax liabilities arose, not section 174-b; under that reading,

[3] *See* Supplemental Summary of 2011 Legislation Affecting Sales and Use Taxes. N.Y. State Department of Taxation and Finance Technical Memorandum TSB-M-11(19)(S), October 12, 2011 ("the 20-year time limit starts from the first date a warrant could be filed for a tax liability, regardless of when the tax liability was assessed (i.e., before or after the effective date)") available at https://www.tax.ny.gov/pdf/memos/sales/m11_19s.pdf?_ga=1.12797687.1529584025.1447973702.

collection of all but the 1996 taxes would have lapsed, as Debtor argues that a warrant could have been issued when the taxes were first due and not paid.[4]

Debtor does not controvert NYS's assertion that the Warrant is dated July 3, 2000, and that it was filed after Notices were issued in 1996 and 1997, each demanding payment of the taxes made the subject of the Claim by a date no earlier than May 16, 1996. Finally, Debtor does not assert that NYS improperly or untimely issued any of the Notices or the Warrant, or that the Notices triggered a right to a hearing or review of any of the tax liabilities addressed in them.

What Debtor does argue is that section 1141 of the Tax Law governs when NYS could have filed a warrant to collect the tax liabilities at issue, rather than section 174-b(1); as a result, the 20 year limitations period ran for all but the 1996 sales taxes prior to the Petition Date, and all but the 1996 sales taxes were unenforceable as of the Petition Date. This is incorrect.

As a preliminary matter, section 1141 of the New York Tax Law addresses the collection and enforcement methods NYS may use to recover an unpaid tax, not the specific timing for NYS to demand payment of a tax or issue a warrant for the same. Accordingly, it is not clear whether section 1141 would have governed the limitations period for collecting a tax prior to the enactment of section 174-b. Turning to the language of section 1141, subsection (a) authorizes the New York state attorney general, upon request of the tax commission, to bring an action in any state or federal court to enforce payment of a tax whenever a person fails to pay a tax. N.Y. Tax Law § 1141(a). Subsection (b) provides that as an additional or alternate remedy, the tax commission may issue a warrant directing the county sheriff to levy and sell the offending taxpayer's real and personal property located in that county for the amount of the unpaid tax. N.Y. Tax Law § 1141(b). Debtor does not assert that New York could not choose between or

[4] This Court does not reach the issue of whether Debtor could be eligible to be a chapter 13 debtor if only the 1996 taxes could still be collected.

use both of these alternate remedies, even under its construction of the limitations period. Section 1141 of New York's Tax law became effective on August 1, 1965, and was amended in 1985, long before the effective date of section 174-b. *See id.* Thus, Debtor contends, his sales tax liabilities were enforceable immediately when assessed in 1990, 1991, and 1994 as a result of Debtor's failure to voluntarily pay the same, and the 20 years began to run no later than the assessed dates, the dates warrants theoretically could have been filed under section 1141.

Debtor does not cite any case law in support of his position; instead, he relies solely on a footnote in an abstract of a legal research paper that discusses the tax collection procedure in New York; however, that article also pre-dates the effective date of section 174-b. *See* Claim Objection, p. 3, para. 8 (citing David A. Carlson and Carlton M. Smith, Tax Warrants in New York, Cardozo Legal Studies Research Paper No. 336 at n.38 (May 29, 2011) ([a] warrant may be filed for sales and use taxes immediately upon assessmnet [sic], without waiting [for] any period after issuances of a notice and demand)).

Rules of statutory interpretation dictate that when the general language of a statute may apply to a matter more specifically dealt with in a later, more specific statute, the language in the more specific statute controls. *See Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 228-29 (1957) ("However inclusive may be the general language of a statute, it will not be held to apply to a matter specifically dealt with in another part of the same enactment. . . . Specific terms prevail over the general in the same or another statute which otherwise might be controlling.") (quoting *D. Ginsberg & Sons, Inc. v. Popkin*, 285 U.S. 204, 208 (1932)); *see also United States v. Estate of Romani*, 523 U.S. 517, 532 (1988) (concluding that the later more specific statute controls); *Erie County Water Authority v. Kramer*, 167 N.Y.S.2d 557, 562 (4th Dep't 1957) *aff'd* 5 N.Y.2d 954 (1959) ("It is also a general rule of construction that a prior

general statute yields to a later specific or special statute"); McKinney's Cons Laws of NY, Book 1, Statutes § 238.

The Court finds and concludes that section 174-b alone addresses the time by which NYS must act to collect on an unpaid tax liability. To the extent section 1141, the earlier, more general statute, conflicts with section 174-b(1), the later and more specific statute, section 174-b(1) controls. As noted above, section 174-b expressly provides that "a tax liability shall not be enforceable and every tax liability shall be extinguished after twenty years from the first date a warrant could be filed by the commissioner, without regard to whether the warrant is filed." The first date a warrant could be filed by NYS for any of the tax liabilities underlying the Claim is May 17, 1996, which is the earliest "day after the last day specified for payment" by the Notices. Those tax liabilities, therefore, would expire no earlier than May 2016, a date well after the Petition Date.

Based on the foregoing, the Claim should not be disallowed because NYS is not barred from collecting on any of the taxes at issue.

***Dismissal***

Section 109 of the Bankruptcy Code defines the eligibility requirements to be a debtor under the Code. Section 109(e) defines who may be a debtor under chapter 13, and, as of the Petition Date, establishes a debt limit of unsecured debts of less than $383,175 and secured debts of less than $1,149,525.[5] 11 U.S.C. § 109(e). The stated amount of the Claim is $24,477,422.20

[5] "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525 or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $ 383,175 and noncontingent, liquidated, secured debts of less than $ 1,149,525 may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e).

of secured debt. Accordingly, as Debtor concedes, whether the Claim is fully or partially secured, if the Claim is not disallowed Debtor is ineligible for chapter 13 relief.

## Conclusion

Because Debtor has failed to carry his burden of proof to overcome the *prima facie* validity of the Claim, the Claim Objection is denied. Because Debtor is ineligible to be a chapter 13 debtor and the only other motion before the Court seeks dismissal, this case will be dismissed.




**Dated: November 30, 2015**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**